IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LINDA NAU**<br>175 ROUTE 130 SOUTH,<br>CINNAMINSON, NJ 08077<br><br>**Plaintiff,**<br><br>-VS -<br><br>**RYOBI TECHNOLOGIES, INC.**<br>1428 PEARMAN DAIRY ROAD,<br>ANDERSON, SC 29625,<br><br>**ONE WORLD TECHNOLOGIES, INC.**<br>1428 PEARMAN DAIRY ROAD,<br>ANDERSON, SC 29625<br><br>**TECHTRONIC INDUSTRIES NORTH AMERICA, INC.**<br>1428 PEARMAN DAIRY ROAD,<br>ANDERSON, SC 29625, and<br><br>**THE HOME DEPOT**<br>2455 PACES FERRY ROAD,<br>ATLANTA, GA 30339,<br><br>**Defendants.** | No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, by and through their undersigned counsel, herein complains and demands damages, upon the causes of action set forth below:

**I.   INTRODUCTION**

1.   This is a products liability case against Ryobi Technologies, Inc. ("Ryobi"), One World Technologies, Inc. ("OWT"), Techtronic Industries North America, Inc. ("Techtronic"),

and The Home Depot ("Home Depot") which design and manufacture power tools, including sanders.

2. Plaintiff, Linda Nau is an adult individually currently residing in the state of New Jersey.

3. Defendant Ryobi Technologies, Inc. is upon information and belief, a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

4. Defendant One World Technologies is upon information and belief, a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is affiliated with Ryobi and manufactures, distributes, and sells power tools under the Ryobi name.

5. Defendant, Techtronic Industries North America, Inc. is upon information and belief, a Delaware corporation with a principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. Techtronic Industries North America, Inc. is affiliated with Ryobi and manufactures, distributes, and sells power tools under the Ryobi name.

6. Ryobi, OWT, and/or Techtronic designed, manufactured, tested, supplied, sold, and/or distributed the subject sheet sander, a Ryobi model S651D "(Ryobi sander").

7. This Honorable Court has jurisdiction over this matter based on diversity of citizenship of all parties (28 U.S.C. § 1332(a)).

8. There will be no challenge to diversity jurisdiction in this matter.

9. On March 24, 2020, Plaintiff, Linda Nau, used the Ryobi sander to finish a baby's crib.

10. Sanding down a wood crib is a normal and foreseeable use of the Ryobi sander.

11. While using the sander, in a normal and foreseeable manner, the sander malfunctioned and/or otherwise failed which resulted in pieces of the sander being ejected into Plaintiff's face, causing her to suffer severe and disfiguring injuries.

12. As a direct, substantial, and factual cause of the subject incident, Plaintiff suffered bodily injuries, including but not limited to injuries to her face, lips, and teeth, as well as other serious physical and emotional injuries all of which are serious and permanent in nature, require medical attention, caused her to suffer great pain and will cause her to suffer damages and medical expenses in the future all of which she makes claims for.

13. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff required nine stitches to her lip and dental procedure to correct three broken teeth.

14. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff required medical treatment and care and may require care in the future, including surgery, which would not have been necessary but for Defendants' negligence.

15. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has suffered and will suffer, and/or may suffer in the future pain and suffering, scarring, disfigurement, humiliation, embarrassment, inconvenience, aches and pains, restrictions of movement, and the loss of ability to engage in and enjoy normal pursuits and activities of daily living.

16. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has developed or may

develop in the future painful conditions and/or arthritic conditions and/or other future medical complications due to her injuries.

17. As a direct, proximate, and substantial result of Defendants' individual and/or collective negligence, carelessness, recklessness, tortious and/or intentional conduct as herein described, Plaintiff has incurred and may incur in the future medical expenses due to her injuries.

18. As a direct, proximate, and substantial result of Defendants' individual and/or collective negligence, carelessness, recklessness, tortious and/or intentional conduct as herein described, Plaintiff has suffered lost earnings, and may in the future suffer a loss of earnings and/or earnings capacity.

19. Further, Ms. Nau suffered shock to her nervous system, great physical pain and mental anguish, pain and suffering, loss of life's enjoyment, all of which may in all likelihood continue for an indefinite time in the future.

20. Defendants Ryobi, OWT, and/or Techtronic designed, manufactured, marketed, distributed, and/or sold the Ryobi sander at issue.

21. Defendants Ryobi, OWT, and/or Techtronic failed to incorporate available safety features and/or technology into the design of the Ryobi sander.

22. The Ryobi sander was sold with major defects and as a result, pieces of the fan assembly ejected from the product.

23. This event occurs so quickly that the user does not have time to react to the pieces of the broken sander ejecting towards them.

24. Defendants Ryobi, OWT, Techtronic, and/or Home Depot knew or should have known that that pieces of the internal fan could break off from the fan assembly in the Ryobi sanders.

25. Despite this knowledge, Defendants failed to provide adequate safeguards against this dangerous defect in their product.

26. Defendants Ryobi, OWT, Techtronic, and/or Home Depot designed, manufacture, distributed, and/or sold Ryobi sanders which are defectively designed and lack adequate safeguards that would prevent the traumatic injuries suffered by Plaintiff.

27. Defendants Ryobi, OWT, Techtronic, and/or Home Depot knew or should have known that the Ryobi sanders were defective.

28. On May 5, 2011 the Ryobi sheet sanders, model S651D, were recalled after there were reports of the fan assembly in the sander breaking off and pieces ejecting from the tool.

29. Defendants Ryobi, OWT, Techtronic, and/or Home Depot knew or should have known for years that safer technologies exist and are available for use in order to mitigate or eliminate the chances of fan assembly in the Ryobi sander breaking.

30. Defendants Ryobi, OWT, Techtronic, and Home Depot's decision to forgo the use of a safer alternative design directly led to the injury suffered by Plaintiff.

31. Defendants Ryobi, OWT, Techtronic, and Home Depot knew that their sander was unsafe, but Defendants made the decision not to incorporate available safer technologies.

32. Defendants Ryobi, OWT, Techtronic, and Home Depot's decision resulted in Plaintiff suffering serious permanent and disfiguring injuries.

**COUNT I – STRICT LIABILITY – NEW JERSEY PRODUCTS LIABILITY ACT
PLAINTIFF LINDA NAU V. DEFENDANTS RYOBI TECHNOLOGIES, INC.
ONE WORLD TECHNOLOGIES, INC., AND TECHTRONIC INDUSTRIES
NORTH AMERICA, INC.**

33. The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

34. Defendants Ryobi, OWT, Techtronic, and Home Depot at all times pertinent to this Complaint were engaged in the design, testing, manufacture, marketing, development, distribution and sale of goods, in particular, the above-noted sander.

35. Defendants Ryobi, OWT, Techtronic, and Home Depot are liable to Plaintiff under the theory of strict liability pursuant to applicable law.

36. The subject Ryobi sander expected to, and did reach users, including Plaintiff without substantial change in the condition in which it was sold.

37. The defective condition of the Ryobi sander made it unreasonably dangerous for its intended use.

38. Plaintiff was a user of the Ryobi sander and was unaware of the defective conditions of the Ryobi sander.

39. Plaintiff used the Ryobi sander in a reasonable, foreseeable and intended manner.

40. At all times material hereto, the Ryobi sander was defective and unreasonably dangerous because the dangerous and unreasonably defective condition of the Ryobi sander was unknowable and unacceptable to the average and/or ordinary consumer, such as Plaintiff.

41. At all times material hereto, the Ryobi sander was defective and unreasonably dangerous because the probability and seriousness of the harm caused by the defective and unreasonably dangerous Ryobi sander outweighed the burden or costs of taking precautions.

42. The Ryobi sander failed to perform as safely as an ordinary consumer, such as Plaintiff would expect when used in an intended or reasonably foreseeable manner.

43. The benefits of the design of the Ryobi sander do not outweigh the risk of danger inherent in such a design.

44. The Defendants could have provided a safer alternative design into the Ryobi sander.

45. Such a safer alternative design existed at the time the Ryobi sander was manufactured and it would not have been substantially impaired the Ryobi sander's utility.

46. Such a safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants by the application of existing or reasonably achievable scientific knowledge.

47. The defective condition of the above-noted Defendants Ryobi, OWT, Techtronic, and Home Depot includes, *inter alia,* the following deficiencies:

   a. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander that had pieces break off from the fan assembly and eject from the sander;

   b. designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product;

   c. designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

   d. failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

   e. failing to properly inspect or test the product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

   f. malfunctioning during normal and foreseeable use;

   g. designing, equipping and selling the Ryobi sander without an adequate fan assembly;

   h. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in such a way that persons using it would not be appraised of its danger;

i. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in such a way pieces of the sander could eject and seriously injure the user;

j. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in such a way that made it unsafe for persons using it;

k. failing to employ appropriate technology, components, devices and/or mechanisms which would have prevented or significantly reduced the risk of injury without impairing the sander's utility;

l. failing to employ appropriate technology which would prevent pieces of the sander breaking off and ejecting towards the user;

m. failing to supply the Ryobi sand which was free of defects and fit and safe in all respects for its intended and foreseeable uses;

n. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in an unsafe condition;

o. disregarding the safety and well-being of users of the Ryobi sander by designing, manufacturing and selling them in an unsafe matter;

p. disregarding the health, safety and well-being of users of the Ryobi sander, including Plaintiff, by failing to eliminate, rectify and/or warn of known dangers and defects which involved a substantial likelihood of injury;

q. failing to provide adequate instructions and warnings covering all known or reasonably foreseeable eventualities;

r. recalling the sander due to defects in the internal fan;

s. failing to adequately identify, investigate, record and incorporate into its design, development, engineering, fabrication, assembly and/or manufacture of the Ryobi sander the knowledge gained from prior incidents in which Ryobi sander caused serious injuries to their users despite the exercise of all reasonable and due care;

t. failing to broadcast, warn, advertise, warn or repair the design and manufacturing defect of the Ryobi sander as detailed here;

u. designing, testing, manufacturing, marketing, distributing, developing, selling, and/or supplying the Ryobi sander without an adequate fan assembly;

      v.      designing, testing, manufacturing, marketing, distributing, developing, selling, and/or supplying the Ryobi sander without adequate instructions and warnings;

      w.      consciously disregarding the safety consequences of its design decisions, which Defendants Ryobi, OWT, and Techtronic knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than on its products' safety; and

      x.      deliberately deciding to not incorporate into the design of Ryobi sander feasible and commercially available alternate designs that would have improved its product's safety and prevented Plaintiff's injuries.

48. At the time Plaintiff suffered her severe and disfiguring injuries, the Ryobi sander was being used in a foreseeable manner and for its foreseeable intended use and purpose.

49. The above-noted defects caused Plaintiff's severe and disfiguring injuries.

50. The aforesaid incident and Plaintiff's injuries were caused by Defendants Ryobi, OWT, Techtronic, and Home Depot's designing, manufacturing, marketing, distributing, developing, selling and/or supplying the sander in a defective condition for which they are strictly liable to the Plaintiff.

51. The aforesaid incident and Plaintiff's injuries and losses were caused by Defendants Ryobi, OWT, Techtronic, and Home Depot's designing, manufacturing, marketing, distributing, selling and/or supplying the sander without proper and adequate warnings, instructions, and/or guidelines for its safe use for which they are strictly liable to the Plaintiff.

52. A safer alternative design of the Ryobi sander was available to the Defendants; and in all reasonable probability, the same product could have been designed/manufactured/sold in such a manner which would have prevented or significantly reduced the risk of disfigurement and injury without impairing the sander's utility.

53. The cost of correctly designing the Ryobi sander was economically and technologically feasible at the time the product left the control of the Defendants.

54. Defendants Ryobi, OWT, Techtronic, and Home Depot further had actual knowledge of the means of designing such a sander which would not have caused the Plaintiff's injuries in the manner described above.

55. Defendants Ryobi, OWT, Techtronic, and Home Depot are strictly liable for the injuries and damages suffered by Plaintiff as a result of the misrepresentations by Defendants in selling the sander insofar that the sander was defectively advertised, labeled, marketed, distributed, and/or sold by the defendants so as to render it unreasonably dangerous to Plaintiff and others similarly situated.

56. The warnings and instructions that accompanied the Ryobi sander were inadequate warnings to uses and/or the general public, including Plaintiff about the risks of disfigurement or other permanent injuries caused by the sander.

57. Defendants Ryobi, OWT, Techtronic, and Home Depot's failure to warn included, but were not limited to:

   a. their failure to warn that the sander could cause serious injuries, including disfigurement;

   b. their failure to warn of the dangers of the sander;

   c. their failure to warn that the sander lacked a safety mechanism, guard, safeguard, device, mechanism, and/or base to prevent severe injuries, such as disfigurement or loss of a body part;

   d. Failure to warn that pieces of an internal fan could break off from the fan assembly and be ejected from the sander.

   e. their failure to warn that the sander could cause serious injuries; and

   f. their failure to warn the sander could be unsafe.

58. These marketing defects were some of the producing causes of the Plaintiff's injuries.

59. A safer alternative design and/or appropriate warnings would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the utility of the sander.

60. A safer alternative design and/or appropriate warnings were economically and technologically feasible at all times material hereto.

61. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff sustained serious, permanent, disfiguring and disabling injuries identified above and incorporated by reference herein.

62. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

63. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff was forced to expend various sums of money for medical treatment, dental treatment, and medicine for her injuries and may be compelled to make additional expenditures for the same purpose in the future.

64. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has been unable to attend her usual and customary daily activities and occupations, all to her great detriment and loss.

65. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has and will be deprived in the future of earnings and earning capacity, all to her great detriment and loss.

WHEREFORE, Plaintiff demands damages against the Defendants, jointly and severally, in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and allowable costs of suit and brings this action to recover same. Plaintiff further demands punitive damages.

### COUNT II - BREACH OF WARRANTY
### PLAINTIFF LINDA NAU v. DEFENDANTS RYOBI TECHNOLOGIES, INC., ONE WORLD TECHNOLOGIES, INC., AND TECHTRONIC INDUSTRIES NORTH AMERICA, INC.

66. The above paragraphs are incorporated herein by reference as if the same were fully set forth here.

67. In designing, manufacturing, marketing, distributing, selling and/or supplying the Ryobi sander, Defendants Ryobi, OWT, and Techtronic expressly warranted that the sander was safe for its intended and foreseeable uses and made other express warranties concerning the quality and characteristics of it.

68. In designing, manufacturing, marketing, distributing, selling and/or supplying the Ryobi sander, Defendants Ryobi, OWT, and Techtronic warranted that the sander was of merchantable quality, was fit and safe for the ordinary and particular purpose for which it was sold, and was free of all defects.

69. Defendants Ryobi, OWT, and Techtronic, breached these express and implied warranties because the Ryobi sander constituted a serious danger to users, was not safe for its intended or foreseeable uses, was not of merchantable quality, was not fit and safe for the ordinary purposes for which it was sold, and was not free from all defects.

70. The Ryobi sander was unfit, unsafe, not merchantable, and not fit for its particular purpose, for reasons that include but are not limited to:

   a. negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander that ejected pieces of the sander's internal fan onto the user;

   b. designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product;

   c. designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

   d. failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the product;

   e. failing to properly inspect or test the product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

   f. malfunctioning during normal and foreseeable use;

   g. negligently developing, designing, manufacturing, equipping, distributing, and selling the Ryobi sander without a proper internal fan;

   h. negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in such a way that persons using it would not be appraised of its danger;

   i. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in such a way that it would fail to protect against lacerations to users;

   j. designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander negligently and in such a way that made it unsafe for persons using it;

   k. designing, testing, manufacturing, marketing, distributing, developing, selling, and/or supplying the Ryobi sander without adequate instructions and warnings;

l. failing to employ appropriate technology, component, device and/or mechanisms which would have prevented or significantly reduced the risk of injury without impairing the sander's utility;

m. failing to supply the Ryobi sander which was free of defects and was fit and safe in all respects for its intended and foreseeable uses;

n. negligently designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the Ryobi sander in an unsafe condition;

o. disregarding the safety and well-being of users of the Ryobi sander by designing, manufacturing and selling them in an unsafe matter;

p. disregarding the health, safety and well-being of users of the Ryobi sander, including Plaintiff, by failing to eliminate, rectify and/or warn of known dangers and defects which involved a substantial likelihood of injury;

q. failing to provide adequate instructions and warnings covering all known or reasonably foreseeable eventualities;

r. failing to keep abreast of state of the art and existing principles of science, engineering, design and/or applying such knowledge and principles to the design of the Ryobi sander;

s. recalling the sander due to defects in the internal fan;

t. failing to broadcast, warn, advertise, warn or repair the design and manufacturing defect of the Ryobi sander as detailed herein;

u. failing to adequately identify, investigate, record and incorporate into its design, development, engineering, fabrication, assembly and/or manufacture of the Ryobi sander the knowledge gained from prior incidents in which Ryobi sander caused serious injuries to their users despite the exercise of all reasonable and due care;

v. consciously disregarding the safety consequences of its design decisions, which Defendants Ryobi and OWT knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than on its products' safety; and

w. deliberately deciding to not incorporate into the design of Ryobi sander, a feasible and commercially available alternate designs that would have improved its product's safety and prevented Plaintiff's injuries.

71. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff sustained serious, permanent, disfiguring and disabling injuries identified above and incorporated by reference herein.

72. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has suffered and will continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

73. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff was forced to expend various sums of money for medical and dental treatment for her injuries and may be compelled to make additional expenditures for the same purpose in the future.

74. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has been unable to attend her usual and customary daily activities and occupations, all to her great detriment and loss.

75. As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has and will be deprived in the future of earnings and earning capacity, all to her great detriment and loss.

WHEREFORE, Plaintiff demands damages against the Defendants, jointly and severally, in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and allowable costs of suit and brings this action to recover same.  Plaintiff further demands punitive damages.

## DAMAGES

The wrongful acts of Defendants set forth above were the legal and factual cause of Plaintiff's harms and losses. As a result, Plaintiff seeks all damages available under New Jersey Law.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's recovery under the foregoing claims have been performed have occurred or have been excused.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**.

                                        **MESSA & ASSOCIATES, P.C.**

By:    /s/ *Ramon A. Arreola*
          Joseph L. Messa, Jr., Esquire
          Ramon A. Arreola, Esquire
          Messa & Associates, P.C.
          2000 Academy Drive, Suite 200
          Mount Laurel, NJ  08054
          (856)810-9500/Fax (856)810-9918
          *Attorneys for Plaintiff*